IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY CHERRY, #53919-177, § | |
|     Movant, § | |
| § | |
| v. § | CIVIL NO. 3:21-CV-2604-K |
| § | (CRIMINAL NO. 3:15-CR-191-K-3) |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Movant Rickey Cherry ("Cherry") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As detailed herein, the motion to vacate sentence is summarily **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

On April 30, 2018, a jury convicted Cherry of two counts of interference with commerce by robbery and aiding and abetting (Hobbs Act robbery), 18 U.S.C. §§ 1951(a) & 2, and two counts of using, carrying, and brandishing a firearm during and in relation to a COV and aiding and abetting, 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i) & 2. On January 15, 2020, he was sentenced to a total term of 308 months' imprisonment—140 months for the Hobbs Act robberies, to run concurrently with each other, and 84-month terms for the firearm counts, to run consecutively with each other, and consecutively with the term imposed on the Hobbs Act counts. Crim. Doc. 222. On February 18, 2021, the United States Court of Appeals for the Fifth Circuit

affirmed Cherry's conviction and sentence. *United States v. Wright,* 845 Fed. Appx. 334 (5th Cir. 2021) (per curiam).

On October 19, 2021, Cherry timely filed this § 2255 motion. Doc. 3. He asserts defense counsel rendered ineffective assistance in failing to (1) object to a 4 level enhancement under U.S.S.G. § 2B3.1(b)(4)(A), and (2) argue his § 924(c) convictions were invalid because Hobbs Act robbery is not a crime violence. Doc. 6 at 11-16. On December 22, 2021, Cherry filed a motion to amend, which the Court subsequently construed as a request to supplement. Doc. 7 (citing to the grant of certiorari in "*United States v. Taylor*, (No. 20-1459)" and whether attempted Hobbs Act robbery falls within the definition of crime of violence). Later on June 29, 2022, he filed a supplemental pleading referencing § 403 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, which became effective before he was sentenced in this case. Doc. 8.

Upon review, the Court finds that Cherry is not entitled to relief under § 2255. Thus, his § 2255 motion should be summarily dismissed. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## II.     ANALYSIS

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.  *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).  To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, a defendant must prove that counsel's representation "fell below an objective standard of reasonableness" and that any such deficiency was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id*. at 688.  That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.*

Moreover, to demonstrate prejudice in the sentencing context, the movant must demonstrate that his sentence was <u>increased</u> by the deficient performance of defense counsel.  *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Section 924(c) Claim Lacks Merit

18 U.S.C. § 924(c)(1) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Davis*, however, did not invalidate § 924(c) convictions that are supported by a Hobbs Act robbery. Indeed, the Fifth Circuit Court of Appeals previously held that Hobbs Act robbery is crime of violence ("COV") under the elements clause, § 924(c)(3)(A), and that it may be a predicate conviction for sentencing under § 924(c)(1)(A)(ii). *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a COV predicate under 18 U.S.C. § 924(c)(3)(A)" (citing *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017)); *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam), *aff'd in part and vacated in part*, 139 S. Ct. 2319 (2019) ("Whatever

Page **4** of **9**

arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence . . . are foreclosed to us in light of *Buck*.").

The Fifth Circuit reached the same conclusion in Cherry's direct appeal, when it found his claim was foreclosed by prior precedent. *Wright,* 845 Fed. Appx. at 338 (rejecting argument that Hobbs Act robbery does not satisfy § 924(c)(3)(A) (citing *Bowens*, 907 F.3d at 353–54; *Buck*, 847 F.3d at 274–75)). By contrast, attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as a COV under § 924(c). *See United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015, 2021 (2022) (holding attempted Hobbs Act robbery does not qualify as a COV under the elements clause of § 924(c)(3)(A)); *United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018) (same as to conspiracy to commit Hobbs Act robbery); *see also United States v. Reece*, 938 F.3d 630 (5th Cir. 2019), as revised (Sept. 30, 2019) ("[C]onspiracy is a crime distinct from the crime that is the objective of the conspiracy. . . . Therefore, [Defendant's] conviction for conspiracy to commit bank robbery cannot be a COV under § 924(c)(3)'s elements clause.").

Undeterred, Cherry argues that Hobbs Act robbery does not satisfy § 924(c)(3)(A). Doc. 6 at 12-15; Doc. 7 at 1. His argument is unavailing, however. The record confirms his § 924(c) convictions were predicated upon *substantive* Hobbs Act robberies, <u>not</u> *attempted* Hobbs Act robbery or *conspiracy* to commit Hobbs Act robbery.

*See United States v. Wooten,* No. 21-20068, 2021 WL 4841213, at *1 (5th Cir. Oct. 15, 2021) ("We have previously held that Hobbs Act robbery is a COV under the elements clause and may be a predicate conviction for sentencing under Section 924(c)(1)(A)(ii)." (citing *Buck*, 847 F.3d at 274-75)); *Houston v. United States*, No. 3:19-CV-02040-N (BT), 2022 WL 1129908, at *3 (N.D. Tex. Mar. 16, 2022), *R. & R. adopted*, No. 3:19-CV-02040-N-BT, 2022 WL 1128726 (N.D. Tex. Apr. 15, 2022) (*Davis* has no effect on § 924(c) conviction predicated on substantive Hobbs Act robbery).

## B. Abduction Enhancement Challenge also Fails

Next, Cherry challenges the four-level increase under U.S.S.G. § 2B3.1(b)(4)(A). His claim is likewise unavailing. That section "authorizes a four-level increase of the offense level if any person was abducted to facilitate commission of robbery or to facilitate escape after robbery." *Wright*, 845 Fed. Appx. at 338 (internal quotations and citations omitted). In rejecting Cherry's arguments on direct appeal, the Fifth Circuit stated:

> Guidelines commentary explains that "[t]he guideline provides an enhancement for robberies where the victim was forced to accompany the defendant to another location." U.S. Sent'g Guidelines Manual § 2B3.1 cmt. background. A person is abducted if "forced to accompany an offender to a different location." U.S. Sent'g Guidelines Manual § 1B1.1 cmt. n.1(A); *see* § 2B3.1 cmt. n.1; *see also United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016) (per curiam).

> During each robbery at issue here, Cherry accompanied a victim to a new location. *See United States v. Redmond*, 965 F.3d 416, 419–20 (5th Cir. 2020), *petition for cert. filed*, (U.S. Dec. 10, 2020) (No. 20-6631); *see also United States v. Young*, 470 U.S. 1, 16, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). According to the presentence report, during his first robbery, Cherry, together with Wright, forced the store manager into the rear storage room, where the manager unlocked the telephone storage area and Cherry and Wright put cellular telephones into a duffle bag. Also, Cherry forced the manager into a restroom and repeatedly struck him on the head with a firearm. Cherry and Wright then took the manager from the restroom to the front counter sales area, where Cherry accessed cellular telephones and the cash register. Also according to the presentence report, during his second robbery, Cherry forced the manager and a customer to the rear of the store, where Cherry and Wright took telephones from the safe. As Cherry fails to "demonstrate any error at all" in the application of § 2B3.1(b)(4)(A), this claim does not survive plain error review. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012).

*Id.* at 338–39.

Cherry now contends that he should have qualified for a two-point not a four-point enhancement. Doc. 6 at 11. Apart from citing to "*U.S. v. Hill* 6th Cir" and generally referencing § 2B3.1(b)(4)(B) ("if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels"), he presents no arguments in support of his claim. *Id*. That notwithstanding, Cherry's argument is foreclosed. In fact, the Fifth Circuit has "repeatedly construed the 'abduction' enhancement as applicable when a victim is forced from one part of a building to another." *United States v. Buck*, 847 F.3d at 276-77. Indeed, the Fifth Circuit followed that interpretation in Cherry's direct appeal as previously noted. *Wright*, 845 Fed. Appx. at 338-39. Moreover, this is the most common interpretation

adopted by a majority of the federal circuits. *Hill*, 963 F.3d at 538-39 (Siler, J., dissenting). Accordingly, Cherry plainly does not qualify for a two-level increase in offense level under § 2B3.1(b)(4)(B).

### C. Ineffective Assistance of Counsel Claims are Unavailing

Cherry's related claims of ineffective assistance of counsel—for allegedly failing to raise the above claims at sentencing—similarly fails. For reasons previously stated, there is no merit to Cherry's challenge to his § 924(c) conviction premised on substantive Hobbs Act robbery or the four-level increase under § 2B3.1(b)(4)(A). Thus, any objection by counsel would have been futile. Counsel cannot be deemed ineffective for failing to make a futile objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (per curiam) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and citations omitted)).

### III.   CONCLUSION

Accordingly, Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDING.

SO ORDERED.

Signed July 15th, 2022.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATE DISTRICT JUDGE